UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEANDRE MAURICE HILL,

    Petitioner,

v.

ANTHONY HEDGPETH, Warden,

    Respondent.

No. C-12-3873 EMC (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I. INTRODUCTION

Deandre Maurice Hill, an inmate at Salinas Valley State Prison, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. His request for appointment of counsel also is before the Court for consideration.

## II. BACKGROUND

The petition provides the following information: Hill was convicted of first degree robbery with the special circumstance of a murder occurring during the commission of a robbery. In February 2009, he was sentenced to life imprisonment without the possibility of parole. He appealed. The California Court of Appeal affirmed his conviction with a modification of the sentence, and the California Supreme Court denied his petition for review. Hill also filed unsuccessful petitions for writ of habeas corpus in the state courts. He then filed this action for a writ of habeas corpus.

## III. DISCUSSION

A. Review of Petition

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The habeas rule instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground." Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491-92 (9th Cir. 1990) (habeas petitioner must state his claims with sufficient specificity); *Wacht v. Cardwell*, 604 F.2d 1245, 1246-47 (9th Cir. 1979) (same). A primary purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the state should be ordered to show cause why the writ should not be granted. *Mayle v. Felix*, 545 U.S. 644, 655-56 (2005) (citing 28 U.S.C. § 2253). Conclusory allegations in a habeas petition fail to state a claim and do not suffice to shift the burden to the state to answer an order to show cause. *See Allard v. Nelson*, 423 F.2d 1216, 1217 (9th Cir. 1970).

The petition lists nine claims for habeas relief. Although the first three claims are adequately pled, there are problems with the other claims that require either outright dismissal or dismissal with leave to amend so that Hill can show he is entitled to habeas relief.

Claim 1: Hill claims that his right to due process was violated by the consolidation of his case with his brother's case and the denial of his motion to sever their cases. He alleges that severance was necessary because their defenses were antagonistic to each other. Liberally construed, these allegations state a cognizable claim for federal habeas relief.

Claim 2: Hill contends that the trial court's denial of a continuance and requirement that an unprepared defense counsel go to trial violated Hill's right to due process and Sixth Amendment

2

right to effective assistance of counsel. Liberally construed, the allegations state cognizable claims for federal habeas relief.

Claim 3: Hill alleges that the trial court's denial of his request for a limiting jury instruction about another shooting violated his right to due process. Liberally construed, these allegations state a cognizable claim for federal habeas relief.

Claim 4: The caption of the fourth claim states that "remand is required to enable the court to exercise its discretion under Penal Code section 1385 whether to dismiss the special circumstance finding," Docket # 1, p. 17.

A "federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) (citations omitted.) The claim for an error of state law must be dismissed because federal habeas relief is not available for state law errors. *See id.*

In the text of the fourth claim, Hill urges that the failure to follow the state sentencing law violated his federal right to due process. *See* Docket # 1, p. 19 (citing *Hicks v. Oklahoma*, 997 F.2d 1295, 1300 (1993)).[1] Although *Hicks* does stand for the proposition that a criminal defendant's due process rights may be violated by the state court's failure to follow state law, the California Court of Appeal has determined that there was not a violation of state law because California Penal Code § 1385.1 precluded the exercise of discretion under California Penal Code § 1385 in Hill's case. "The plain language of section 1385.1 requires a conclusion that . . . trial courts lack discretion to strike a special circumstance finding regardless whether the defendant was sentenced to death or to life without possibility of parole." *People v. Hill*, 2011 WL 213573, * 26 (Cal. Ct. App. 2011). "Section 1385.1 '"clearly and unmistakably"' prohibits a trial court from striking a special circumstance finding in order to reduce a sentence of life imprisonment without possibility of parole." *Id.* at *24 (quoting *People v. Ybarra*, 166 Cal. App. 4th 1069, 1093 (Cal. Ct. App. 2008)).

---

[1] Hill mixed the citation for one case with the title of another case. The title he used (*i.e.*, *Hicks v. Oklahoma*) is for a 1980 case found at 447 U.S. 343; the volume and page he used (i.e., 997 F.2d 1295) is for a case entitled *Fetterly v. Paskett*, a Ninth Circuit case from 1993. Both cases stand for the same proposition, *i.e.*, that a defendant has a federal due process right to be deprived of his liberty only to the extent state law permits.

1 The California Court of Appeal specifically rejected Hill's argument that *People v. Lewis*, 33 Cal.
2 4th 214 (Cal. 2004), limited the application of § 1385.1 to death penalty cases. *See Hill*, 2011 WL
3 213573, *24-25.[2] A state court's interpretation of state law, including one announced on direct
4 appeal of the challenged conviction, binds a federal court sitting in habeas corpus. *Bradshaw v.*
5 *Richey*, 546 U.S. 74, 76 (2005); *Hicks v. Feiock*, 485 U.S. 624, 629 (1988). This court is bound by
6 the California Court of Appeal's determination that California Penal Code § 1385.1 prohibits the
7 sentencing court from exercising discretion under § 1385 to strike the special circumstance. There
8 was no *Hicks*-type due process violation because there was no failure follow state law. The fourth
9 claim is dismissed without leave to amend.

10 In the text of the fourth claim, Hill also alleges that "[b]ased on an Eighth Amendment cruel
11 and unusual argument, [he] filed a motion asking the trial court to dismiss the special circumstance
12 finding." Docket # 1, p. 17. There is no Eighth Amendment violation on the limited facts alleged.
13 The failure to remand for the court to exercise its discretion did not violate his constitutional rights.
14 And the imposition of a life term for an adult defendant upon a conviction for murder does not
15 violate the Eighth Amendment. *See Harris v. Wright*, 93 F.3d 581, 584-85 (9th Cir. 1996) (sentence
16 of life imprisonment without the possibility of parole does not violate the Eight Amendment when
17 the crime is murder). Assuming for purposes of argument that Hill was trying to assert an Eighth
18 Amendment claim, the Eighth Amendment claim is dismissed without leave to amend.

19 Claims 5 and 6: These claims are interrelated. The caption for the fifth claim is that "the
20 prosecutor's misconduct in knowingly introducing and relying on false evidence during a murder

---

[2] Eleven months after the state appellate court rejected Hill's appeal, the California Supreme Court issued an opinion that further supports the view that § 1385.1 precludes relief for Hill. Specifically, the California Supreme Court stated that, "[i]n light of section 1385.1, the court had no authority to strike the lying-in-wait special circumstance. (*People v. Lewis* (2004) 33 Cal. 4th 214, 228, 14 Cal. Rptr. 3d 566, 91 P. 3d 928; *People v. Johnwell* (2004) 121 Cal. App. 4th 1267, 1283, 18 Cal. Rptr. 3d 286.)" *People v. Mendoza*, 52 Cal. 4th 1056, 1075 (Cal. 2011). The citation to *Johnwell* is significant. Although *Mendoza* was a death penalty case, its citation to both *Lewis* (another death penalty case) and *Johnwell* (a life without parole case), support the view that § 1385.1 precludes a trial court from striking a special circumstance in death penalty *and* in life-without-parole cases.

*Johnwell* had been cited by the California Court of Appeal in support of its decision to reject Hill's argument that § 1385.1 did not apply to life-without-parole cases. *See Hill*, 2011 WL 213573, *24.

robbery investigation [violated the] 5th and 14th Amendment." Docket # 1, p. 19. The caption for the sixth claim is that there was prosecutorial misconduct "regarding statements relating to [Fourth] Amendment violations that also violated Penal Code § 1538.5." Docket # 1, p. 21. Although the captions indicate they are prosecutorial misconduct claims, the discussions for these two claims focus on alleged Fourth Amendment violations and do not identify with any certainty the alleged prosecutorial misconduct.

The Fourth Amendment claims cannot proceed. Federal habeas review of Fourth Amendment claims is not available unless the state did not provide an opportunity for full and fair litigation of those claims. *See Stone v. Powell*, 428 U.S. 465, 481-82, 494 (1976). Even if the state court's determination of the Fourth Amendment issues was improper, it will not be remedied in a federal habeas corpus action as long as the petitioner was provided a full and fair opportunity to litigate the issue. *See Locks v. Sumner*, 703 F.2d 403, 408 (9th Cir. 1983). California state procedure provides an opportunity for full litigation of any Fourth Amendment claim. *See Gordon v. Duran*, 895 F.2d 610, 613-14 (9th Cir. 1990) (whether or not defendant litigated Fourth Amendment claim in state court is irrelevant if he had opportunity to do so under California law). Hill's Fourth Amendment claims are barred by *Stone v. Powell* and therefore dismissed without leave to amend.

In his amended petition, Hill may attempt to allege a prosecutorial misconduct claim, as a claim for prosecutorial misconduct can be pursued in federal habeas corpus as a claim for a violation of a petitioner's Fourteenth Amendment right to due process. A defendant's due process rights are violated when a prosecutor's misconduct renders a trial "fundamentally unfair." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986); *see also Smith v. Phillips*, 455 U.S. 209, 219 (1982) ("the touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor.") If Hill wants to pursue a claim for prosecutorial misconduct, he must state the facts supporting such claims. He needs to describe the particular acts of the prosecutor that amounted to misconduct that caused his trial to be fundamentally unfair. Hence, this claim is dismissed with leave to amend.

Claim 7: Hill contends that his conviction "is based on discriminatory motivation due to racial oppression in violation of the Fourteenth Amendment." Docket # 1, p. 22. This claim fails to identify any factual allegations suggestive of racial discrimination. Leave to amend is granted so that Hill may state the facts that support this claim.

Claim 8: Hill contends that he was deprived of his Sixth Amendment right to the effective assistance of counsel in that counsel made several mistakes. This claim must be amended because Hill does not provide specific enough information about the alleged mistakes. For example, he alleges that counsel failed "to object to various prosecutorial misconduct and California Penal Code section violation[s]." Docket # 1, p. 24. Without a description of what those specific instances of prosecutorial misconduct were or which Penal Code sections were violated, respondent cannot frame a response to the petition and the court cannot analyze the claim. In his amended petition, Hill needs to describe every instance of prosecutorial misconduct to which defense counsel failed to object. Likewise, he needs to identify every Penal Code violation that occurred that defense counsel should have objected to but did not. In short, Hill must provide a more detailed explanation of what counsel did wrong and what difference it made. *See generally Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984) (to prevail on a Sixth Amendment ineffectiveness of counsel claim, defendant must establish (1) that counsel's performance was deficient and fell below an "objective standard of reasonableness" under prevailing professional norms, and (2) that defendant was prejudiced by counsel's deficient performance, *i.e.*, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.")

Claim 9: Hill alleges that he was deprived of his Fourteenth Amendment right to effective assistance of appellate counsel.[3] He contends that appellate counsel failed to conduct "'post conviction' investigation," failed to interview Hill or the trial attorney, and failed "to adequately investigate the trial record" of prosecutorial misconduct. Docket # 1, p. 26. This claim must be amended because Hill does not provide specific enough information about any of the alleged

---

[3] Hill actually alleged that his right to effective assistance of appellate counsel arose under the Sixth, Eighth and Fourteenth Amendments. The Due Process Clause of the Fourteenth Amendment is the source of the criminal defendant's right to the effective assistance of counsel on his first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387, 391-405 (1985).

mistakes of appellate counsel. He needs to describe in some detail the alleged deficient performance and the resulting prejudice. As with his claim that trial counsel was ineffective, he needs to provide a more detailed explanation of what counsel did wrong and what difference it made. For example, he needs to explain what post-conviction investigation appellate counsel should have done, what counsel would have uncovered if he did that investigation, and how the failure to do that investigation adversely affected Hill's appeal.

Finally, Hill alleges – either as part of the ninth claim, or as a separate claim – that the prosecutor failed to disclose exculpatory evidence, in violation of his duties under *Brady v. Maryland*, 373 U.S. 83 (1963). *See* Docket # 1, p. 27. Hill does not, however, explain what the evidence was, or why it was material to his defense. If he wishes to pursue a *Brady* claim, he must explain what information was withheld and why it was material.

To summarize, the first three claims are adequately alleged, but all the other claims have deficiencies that need to be corrected in the amended petition. Hill must file an amended petition in which he states every claim for federal habeas relief he wants this Court to consider and state the facts in support of each claim. He should not repeat his claims for state law violations and Fourth Amendment violations because federal habeas relief is not available for either of those kinds of claims. Those claims are dismissed with prejudice.

B.   Request For Appointment of Counsel

Hill has requested (in the caption of his brief in support of his petition) that counsel be appointed to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See id.* The interests of justice do not require appointment of counsel at this time. The request for appointment of counsel is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, the petition is dismissed with leave to file an amended petition no later than **November 16, 2012**. The amended petition should have this case caption and case number on the first page and should be clearly marked "Amended Petition." Failure to file the amended petition by the deadline will result in the dismissal of the claims identified in this order as deficient.

IT IS SO ORDERED.

Dated: October 15, 2012

_____
EDWARD M. CHEN
United States District Judge