UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANDRE MAURICE HILL, | No. C-12-3873 EMC (pr) |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| ANTHONY HEDGPETH, Warden, | |
| Respondent. | |

## I. INTRODUCTION

Petitioner filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court reviewed the petition for writ of habeas corpus, found three claims cognizable and dismissed the petition with leave to amend so that Petitioner could attempt to cure certain deficiencies in other claims. He then filed an amended petition, which is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts.

## II. BACKGROUND

The petition and amended petition provide the following information: Petitioner was convicted of first degree robbery with the special circumstance of a murder occurring during the commission of a robbery. In February 2009, he was sentenced to life imprisonment without the possibility of parole. He appealed. The California Court of Appeal affirmed his conviction with a modification of the sentence, and the California Supreme Court denied his petition for review.

1  Petitioner also filed unsuccessful petitions for writ of habeas corpus in the state courts.   He then
2  filed this action for a writ of habeas corpus.

### III.   DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

The amended petition lists seven claims for habeas relief:  (1) Petitioner's right to due process was violated by the consolidation of his case with his brother's case and the denial of his motion to sever because their defenses were antagonistic; (2) the trial court's denial of a continuance and requirement that an unprepared defense counsel go to trial violated Petitioner's right to due process and Sixth Amendment right to effective assistance of counsel; (3) the trial court's denial of a defense request for a limiting jury instruction about another shooting violated his right to due process; (4) the prosecutor engaged in misconduct in presenting false and misleading testimony about the police officers' conduct with regard to witness Meadows, in violation of Petitioner's right to due process; (5) the prosecutor engaged in discriminatory prosecution; (6) trial counsel provided ineffective assistance in (a) failing to challenge the methods used to obtain witness Meadows' statements, (b) failing to investigate filing a § 995 motion to set aside the indictment, (c) failing to object to evidence and argument about the circumstances of the police visit to witness Meadows' home, and (d) failing to object to the prosecution's argument that the police followed the policies and procedures of the Oakland Police Department's operations manual in questioning witness Meadows; and (7) appellate counsel provided ineffective assistance in that he failed to argue on appeal that there had been prosecutorial misconduct and ineffective assistance of trial counsel. Liberally construed, these claims are cognizable and warrant a response, except for claim 5.

Claim 5, for discriminatory prosecution, is dismissed.  The Supreme Court's "cases delineating the necessary elements to prove a claim of selective prosecution have taken great pains

to explain that the standard is a demanding one." *United States v. Armstrong*, 517 U.S. 456, 463 (1996). The prosecutor has discretion as to who and how to charge, but those decisions must not violate equal protection by resting on "'an unjustifiable standard such as race, religion, or other arbitrary classification.'" *Id.* at 464 (citation omitted). To establish a prima facie case of selective prosecution, the claimant must show that the prosecutorial policy (1) had a discriminatory effect and (2) was motivated by a discriminatory purpose. *See id.* at 465. To establish a discriminatory effect in a race case, the claimant "must show that similarly situated individuals of a different race were not prosecuted." *Id.*

Here, Petitioner presents no facts to show a prima facie case of selective prosecution. He urges that "there are illegal immigrants who live in this country without fear of any prosecution," and that "had he and Nikole [Meadows] not been Black and lived in a rich community" the prosecutor and other state officials would have ensured that the investigation and prosecution was conducted in a fair manner. Docket # 8, pp. 21, 23. Petitioner's selective prosecution allegations are just the sort of unsupported and speculative allegations of selective prosecution that are not sufficient to show selective prosecution. *See, e.g., United States v. Buffington*, 815 F.2d 1292, 1305 (9th Cir. 1987) (defendant's contention that he was selected for prosecution solely because he was Black and had an earlier acquittal on a charge of murdering a police officer did not state the necessary elements because he offered no proof that the government does not prosecute other individuals it suspects of similar criminal conduct or that the decision was based on his race or other impermissible grounds). Claim 5 is dismissed for failure to state a claim. Further leave to amend will not be granted because it would be futile. The order of dismissal with leave to amend explained that Petitioner's discriminatory prosecution claim "fail[ed] to identify any factual allegations suggestive of racial discrimination" and granted him leave to amend to state facts supporting his claim. Docket # 5, p. 6. Even though informed that he needed to allege facts suggestive of racial discrimination, Petitioner was unable to do so in his amended petition.

## IV.   CONCLUSION

For the foregoing reasons,

1. All claims other than claim 5 in the amended petition warrant a response.

3

2. The Clerk shall serve by mail a copy of this order, the petition, amended petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3. Respondent must file and serve upon Petitioner, on or before **August 9, 2013**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the amended petition.

4. If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent on or before **September 6, 2013**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

IT IS SO ORDERED.

Dated: May 24, 2013

_____
EDWARD M. CHEN
United States District Judge

4